Audra M. Mori, Bar No. 162850
AMori@perkinscoie.com
Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
Jennifer N. Chiarelli, Bar No. 212253
JChiarelli@perkinscoie.com

PERKINS COIE LLP
1620 26th Street
Sixth Floor, South Tower
Santa Monica, CA  90404-4013
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Plaintiff
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,, <br><br> Plaintiff, <br><br> v. <br><br> COMPUTER CZECH L.L.C., a California Limited Liability Company; and JIRKA AMBROZ, an individual, <br><br> Defendants. | Case No. 08CV 6874 DSF (PLAx) <br><br><br> PROTECTIVE ORDER <br><br> *Stipulation for Protective Order filed concurrently herewith* |

Pursuant to the Stipulation for Protective Order of plaintiff Microsoft Corporation and defendants Computer Czech LLC and Jirka Ambroz, and good cause appearing therefore, the following Protective Order is hereby entered:

1.      This Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to informal discovery requests, and testimony

adduced at trial, matters in evidence and computerized records (collectively, "RECORDS") which the disclosing party designates as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action.

2.     In designating RECORDS as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL," a party shall make such a designation of CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL only for RECORDS which that party in good faith believes contain trade secrets, as defined by California Civil Code § 3426.1, or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law.  This includes RECORDS describing the security features of software, hardware and related items which, if disclosed, would facilitate the creation, duplication and/or distribution of counterfeit copies of such items and RECORDS containing information which, if disclosed, would undermine the investigation of the counterfeiting of software, hardware and related items.  Such RECORDS include software analysis documents, investigator reports, and notes taken in response to reports to Microsoft's Anti-Piracy Hotline.  For a designation of RECORDS as "RESTRICTED MATERIAL," the party must additionally believe in good faith that the RECORDS must be protected from disclosure to the parties themselves in this litigation and must be subject to the restricted disclosure provided for below.  CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL shall be used solely for the purpose of conducting this litigation and not for any other purpose.  No RECORDS which evidence the acquisition or distribution of Microsoft software and/or components thereof by the defendants, including but not limited to invoices and purchase orders, shall be designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

41826-5269/LEGAL16149986.1

3.      RECORDS designated as CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

      a.      the attorneys working on this action on behalf of any party, including in-house attorneys;

      b.      any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

      c.      any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation;

      d.      any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

      e.      any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

      f.      the Court.

4.      RECORDS designated as "RESTRICTED MATERIAL" may be disclosed only to the following persons:

      a.      the attorneys working on this action on behalf of any party, including in-house attorneys;

      b.      any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

      c.      any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist in

3

preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

       d.    any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

       e    the Court.

Though RESTRICTED MATERIAL may not be disclosed to the parties or their employees, nothing herein shall preclude counsel from communicating with the parties generally about the content of RESTRICTED MATERIALS to the extent such communication is necessary to provide adequate legal advice regarding the litigation or settlement of this action.

     5.    Notwithstanding any other provisions of this Order, Microsoft may (a) use and disclose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL in order to investigate and/or prosecute criminal or civil actions involving copyright or trademark infringement against parties or entities other than the defendants in this matter and may provide CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL to law enforcement officials upon such officials' request; and (b) use and disclose RECORDS which indicate or refer to suppliers or purchasers of genuine or purported Microsoft software or any other items or components which bear any of the Microsoft trademarks at issue in this matter for purposes of investigation and institution of civil or criminal proceedings against any party, including parties other than the defendants in this action.  Microsoft shall not, however, use invoices reflecting the distribution of Microsoft items by defendants to compile a list of customers for the purpose of solicitation by companies engaged in the retail sale of Microsoft software located in Los Angeles County, California.  Further, Microsoft shall not include invoices reflecting the acquisition of Microsoft items by defendants in press releases concerning this case.  Microsoft may,

4

however, use and disclose defendants' invoices and information reflected in them in connection with motions and other legitimate court submissions.

6.     The persons described in paragraphs 3(d) and 4(c) shall have access to the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." The executed ACKNOWLEDGEMENT shall be provided to opposing counsel within five (5) days of disclosure, unless the person to whom the documents are being disclosed is an expert.  If the person is an expert, the executed ACKNOWLEDGEMENT shall be provided at the time the expert is disclosed pursuant to Local Rules, the Federal Rules of Civil Procedure and/or Court Order. The other persons described in paragraphs 3(a), 3(b), 3(c), and 3(e) and 4(a), 4(b), and 4(d) shall have access to the CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL pursuant to the terms of this Order without signing a copy of the annexed ACKNOWLEDGEMENT.  The persons receiving CONFIDENTIAL MATERIAL or RESTRICT MATERIAL pursuant to paragraphs 3(a) through 3(e) and 4(a) through 4(d) shall not disclose it to any other person, except in conformance with this Order.

7.     Each individual who receives any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL pursuant to paragraphs 3(a) through 3(e) and 4(a) through 4(d) hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

8.     The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL that is provided under this Order pursuant to paragraphs 3(a) through 3(e) and 4(a) through 4(d) shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the

41826-5269/LEGAL16149986.1

storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

9.      Parties shall designate CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL as follows:

a.      In the case of RECORDS produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL."  In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL at the time of its production, that party shall have five (5) business days after discovery of such error to so stamp or otherwise designate the RECORD.

b.      In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript.

c.      Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters.  If a deposition transcript is filed and if it contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, the transcript shall be accompanied by an application to file the deposition transcript or the portion thereof containing CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL (if such portion may be segregated) under seal.  The application shall be directed to the judge to

whom the submission of the deposition testimony is directed, pursuant to Local Rule 79-5.1.

10. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall confer in good faith pursuant to Local Rule 37-1 in an effort to eliminate the necessity for a motion. If the dispute cannot be resolved, the parties shall formulate a written stipulation and engage in motion practice as set forth in Local Rule 37. If the parties wish to file the Joint Stipulation required by Local Rule 37 under seal, they may file a stipulation to that effect or the moving party may file an ex parte application making such a request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

11. All RECORDS and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such RECORDS, shall be accompanied by an application to file such RECORDS or deposition testimony, or the portion thereof containing CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL (if such portion may be segregated), under seal. The application shall be directed to the judge to whom the submission of the RECORDS or deposition testimony is directed, as set forth in Local Rule 79-5.1. Upon the default of the filing party to submit an application to file the RECORDS or deposition testimony under seal, any party may do so.

41826-5269/LEGAL16149986.1

12.     Once this case proceeds to trial, CONFIDENTIAL MATERIAL AND RESTRICTED MATERIAL will be presumptively available to the public, unless good cause is shown to the Court in advance of the trial to proceed otherwise.

13.     Nothing in this order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained from a third party, even though the same RECORDS may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

14.     Nothing in this order shall preclude any party to the lawsuit or their attorneys (a) from showing RECORDS designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL to an individual who either prepared or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

15.     Within sixty (60) days of the termination of litigation between the parties, all CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL, and all copies thereof, except such copies which have been filed with the Court, utilized in accordance with this Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order, shall be returned to the party which produced it or shall be destroyed.

16.     Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the designating party.

///

///

///

8

17.     This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 15, inclusive hereof.


IT IS SO ORDERED.


Dated:  May 13, 2009

_____

Honorable Paul L. Abrams
UNITED STATES MAGISTRATE JUDGE

9

41826-5269/LEGAL16149986.1

# A C K N O W L E D G E M E N T

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the Court on _____, 2009 in <u>Microsoft Corporation v. Computer Czech LLC and Jirka Ambroz</u>, Case No 08CV 6874 DSF (PLAx), that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order.  The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Central District of California for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

_____

Dated:  _____, 20__

41826-5269/LEGAL16149986.1